## RUSSELL v. ST. LOUIS & SUBURBAN RAILWAY COMPANY et al., Appellants.

### Division One, February 20, 1900.

1. **Appeal:** NOT ALLOWABLE TILL FINAL JUDGMENT: EQUITY COUNT. The petition, in an action for personal injuries, contained two counts: one in equity, that a release of all claim against the defendant for damages be set aside as having been obtained through fraud; the other stated an action at law, charging negligence, and praying judgment for ten thousand dollars. The court set aside the release, and defendants appealed, and the record does not show whether the count at law has ever been tried or not, or if so what the result was. *Held,* that the appeal was prematurely taken, and must be dismissed.

2. ————: ONE FINAL JUDGMENT. There can be but one final judgment in any case, no matter how many counts there may be in the petition, and that is the judgment after the whole case has been tried and determined.

3. ————: LAW ENACTED AFTER TRIAL. The statute of 1899, making the question of release a question of fact for the jury, does not govern the practice in cases tried before its enactment.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Talty,* Judge.

APPEAL DISMISSED.

*McKeighan, Barclay & Watts, Robert A. Holland, Jr.,* and *George S. Grover* for appellants.

(1) It appears that there was "a decree for the plaintiff on the first count of her petition." It also appears that the trial court allowed an appeal from that decree after the usual motions for its correction in that court. Until the contrary appears, it will be presumed that the action of a trial court is correct, throughout the proceedings. Kansas City v. Clark, 68 Mo. 588; Blair v. Railroad, 89 Mo. 383;

Lewis v. Witten, 112 Mo. 318; Ex parte Donaldson, 44 Mo. 149. It should, therefore, be presumed in this case that some disposition was made of the second count which would make an appeal permissible, if this court considers such a disposition of the second count necessary to make the granting of the appeal proper. (2) When a court of equity obtains jurisdiction of a subject—as, for instance in this case, for the purpose of cancelling a document—it may hold jurisdiction to do complete justice between the parties. The second count in the plaintiff's petition in this cause, wherein her original claim for damages is sought to be asserted, is merely ancillary to the equity invoked in the first count to cancel the document of release which prevents the plaintiff from asserting her original claim. Baile v. Ins. Co., 73 Mo. 371; Keeton v. Spradling, 13 Mo. 321; McDaniel v. Lee, 37 Mo. 204; Holland v. Anderson, 38 Mo. 55; Morrison v. Herrington, 120 Mo. 665; College v. Bloom, 3 Atk. 262; 1 Pomeroy, Eq. Jurisp. (2 Ed.), sec. 238. (3) A decree in equity is none the less final because it keeps some subsidiary subject for future adjudication. If the substantial equities are determined, the decree is final, so as to permit an appeal, even though the cause is reversed for further judicial action to ascertain the extent of the relief to which plaintiff may be entitled. Reed v. Cline, 9 Gratt. 136; Garrett's Admr. v. Bradford, 28 Gratt. 609; Adams v. Sayre, 76 Ala. 517; Townsend v. Peterson, 12 Colo. 491; Ward v. Whitfield, 64 Miss. 754; Bank v. Morton, 42 N. Y. Super. 472; Bredell v. Alexander, 8 Mo. App. 110.

*Lyne S. Metcalfe, Jr.*, and *A. R. Taylor* for respondent.

DIVISION ONE.

MARSHALL, J.—Damages for personal injuries.

Plaintiff, a passenger on one of the trains of the St. Louis and Suburban Railway Company, sues the defendants for ten thousand dollars damages for injuries sustained by

her on the 4th of October, 1894, in consequence of a collision between the street car operated by the railway company with a steam car operated by its co-defendant the Wabash Railroad Company. The petition is in two counts; the first in equity, asking to have a release of all claim against both defendants, executed by her on the 11th of August, 1894, set aside and vacated, on the ground that it was procured from her by the fraud of the agents of the defendants while sick at the hospital from the effects of her injuries and when she was not competent to contract, and offering to return the $185 received by her as the consideration for the contract of release and as compensation in full for her claim to damages; and the second, an action at law, for ten thousand dollars damages for such injuries. The defendants pleaded the release and a general denial. The reply was, substantially, a reiteration of the equity count of the petition. The circuit court tried the equity count separately and entered a decree cancelling the release, and both defendants appealed to this court. The record before us does not show whether the count at law has ever been tried or not, or if so what the result was.

It is patent that upon this statement of the condition of the record that this appeal was prematurely taken, and hence must be dismissed.

Section 2246, Revised Statutes 1889, provided that: "Every person aggrieved by any *final* judgment or decision of any circuit court in any civil cause," etc., might appeal, etc. This section was amended by the Act of 1891 (Laws 1891, p. 70), so as to allow appeals to be taken from certain orders and judgments entered in the progress of a cause before final judgment. By the Act of April 11, 1895 (Laws 1895, p. 91) the Act of 1891, amending section 2246, was itself amended, so as to provide that any party to a civil suit might appeal from any of the following orders: 1st, an order granting a new trial or in arrest of judgment; 2d, an order

refusing to revoke, modify or change an interlocutory order appointing a receiver; 3d, an order dissolving an injunction; 4th, any interlocutory judgment in partition which determines the rights of the parties; and 5th, any final judgment, or any special order after final judgment.

Except in the cases specified an appeal will not lie until after a final judgment in the cause in the trial court.

Section 2206, Revised Statutes 1889, defines a judgment as follows: "A judgment is the final determination of the right of the parties in the action." So that while section 2246, Revised Statutes 1889, provides for an appeal only from a *final* judgment, and while the Act of 1895 provides for an appeal from *any* judgment, they mean the same thing in law, and although the Act of 1895 allows an appeal from *any* judgment, it specifies the character of judgments comtemplated, enumerating certain interlocutory judgments, and special orders after final judgment, and then covers the cases not already provided for by allowing an appeal after a final judgment.

The statute contemplates only one final judgment in any case. And while section 2040, Revised Statutes 1889, permits a plaintiff to unite in the same petition, by separate counts, as many causes of action as he believes he has, whether they "be such as have been heretofore denominated legal or equitable or both," just as section 2049, Revised Statutes 1889, permits a defendant to unite in the same answer as many defenses, stated separately, as he believes he has, whether the same be legal or equitable, still there can be but one final judgment in any case, and if a petition contains two counts, whether both at law or both in equity or one at law and one in equity, and one is adjudged insufficient, there can be no final judgment or appeal from the order so adjudging it until after the whole issue is tried and determined, and the order adjudging one count insufficient is not a final judgment until the whole case is determined, and the whole

judgment of the court is expressed in the final judgment on both counts. So, in this case, where the first count is in equity to cancel a release, which without being canceled would, if pleaded by the defendant, be a complete defense to the action at law, and the court properly tried the equity count first (Blair v. Railroad, 89 Mo. 383; Mateer v. Railroad, 105 Mo. l. c. 350; Homuth v. Railroad, 129 Mo. 629; Och v. Railroad, 130 Mo. 27; Courtney v. Blackwell, 150 Mo. 245), there can be no final judgment as to the equity count until there is also a final judgment as to the count at law. Or in other words, no matter how many counts there may be in a petition there can be but one final judgment in the case. That judgment may be for one party on one count and for the other party on the other count, but it must all be expressed in one judgment. For example; the plaintiff may win on the count in equity in this case and the defendant may win on the count at law, and the final judgment in the whole case would be entered accordingly, yet the defendant would have no occasion to and could not appeal. On the other hand, if the defendant won on the equity count, the plaintiff could not then appeal, because there would be no final determination of the right of the parties in the action, but the case would have to proceed, and when the plaintiff made out his *prima facie* case on the merits and the defendant introduced the release in evidence, and the plaintiff did not disprove its execution (he would not be allowed to show that it was procured by fraud, because that issue would already have been ruled against him), the release being a complete defense to the cause of action, the court would be compelled to instruct the jury to find for the defendant. On the other hand, as in this case, the release being canceled by the chancellor, it would be out of the case upon the trial of the case on its merits, and if the defendant offered it in evidence the court would be obliged to exclude it, and if the defendant lost the case, the ruling and finding of the

court and of the jury on the counts in equity and law, respectively, would be entered in the same final judgment, and be covered by the same motions for new trial and in arrest, the same bill of final exceptions (if the exceptions on the trial of the equity count had been properly preserved by a bill of exceptions, filed during the term at which they were saved, as in other cases of saving exceptions) and by the same appeal.

As the record in this case does not bring the case within this rule, it follows that the appeal was prematurely taken and must be dismissed.

The act of 1899 (Laws 1899, p. 108) was not in force when this case was tried and hence has no application to the case. Moreover this case was not tried in the circuit court as that act requires.

Appeal dismissed.    All concur except *Robinson, J.,* who dissents.

### IN BANC.

MARSHALL, J.—The foregoing opinion heretofore delivered in Division No. 1 is hereby adopted as the opinion of the court in banc.    *Gantt, C. J.,* and *Sherwood, Burgess, Brace* and *Valliant, JJ.,* concur; *Robinson, J.,* dissents.