## CRAMER, Appellant, v. BARMON.

**Division One, February 22, 1906.**

APPELLATE JURISDICTION: Two Counts: Verdict On Both: Final Judgment: Verdict as Entirety. The first count of the petition asked for $5,000 for false imprisonment, and the second prayed damages for malicious prosecution. The court directed a verdict for defendant on the first, and submitted the second for the jury's determination, and they returned a verdict for defendant on the first, and for plaintiff for $1,500 on the second. The plaintiff moved for a new trial on the first count, and defendant for a new trial on the second, and the court overruled plaintiff's motion, but sustained defendant's, and plaintiff appealed. *Held*, that the setting aside of the verdict in favor of the plaintiff on the second count did not destroy the whole verdict and did not have the effect of setting aside the verdict in favor of the defendant on the first count; and as there can be only one final judgment in a cause, however many counts the petition may contain, and as there was no legal final judgment in favor of defendant on the first count, and cannot be until the second count is determined, the ruling of the court in respect to the first count is not now for consideration on appeal, and hence the Supreme Court has no jurisdiction of the appeal.

Appeal from Jackson Circuit Court.—*Hon. Andrew F. Evans*, Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Leon Block* and *Frank P. Sebree* for appellant.

*I. J. Ringolsky* for respondent.

MARSHALL, J.—This is an action for damages. The petition is in two counts; the first for false imprisonment, and the second for malicious prosecution.

The court directed the jury to find a verdict for the defendant on the first count and submitted the second count to their determination. Pursuant to the instruction, the jury returned a verdict for the defendant on the first count and found for the plaintiff on the second count, and assessed his damages at $1,000 actual and $500 punitive damages. Upon the coming in of the verdict the clerk entered up a judgment on the verdict in favor of the defendant on the first count and in favor of the plaintiff on the second count. The plaintiff moved for a new trial on the first count, and the defendant moved for a new trial on the second count. The court overruled the plaintiff's motion and sustained the defendant's motion, giving as reason therefor that it had erred in admitting the evidence of the foreman of the grand jury. Thereupon, the plaintiff appealed to this court.

I.

The first question that presents itself for adjudication in this case is as to the jurisdiction of this court. The plaintiff's contention is that this court has jurisdiction because there was a final judgment against him on the first count, in which he had prayed $5,000 damages, and a verdict in his favor on the second count for $1,500 which the court afterwards set aside, and that he appealed from the order and judgment of the court in both respects.

If this contention is tenable, this court has jurisdiction; otherwise not, but jurisdiction is vested, un-

der the Constitution, in the Kansas City Court of Appeals.

Where there are several counts in a petition, there should be a separate finding on each count. [Lancaster v. Insurance Co., 92 Mo. 460; Brownell v. Railroad, 47 Mo. 239; Clark v. Railroad, 36 Mo. 203; Russell v. Railroad, 154 Mo. 428.]

At common law, and theoretically under our statute, a judgment is not entered upon a verdict until after the motion for new trial and in arrest of judgment have been overruled. As a matter of practice in this State the custom has grown up of entering the judgment upon the verdict immediately upon the coming in thereof and before the filing of the motion for new trial or in arrest. This is done to prevent the party against whom the judgment is entered from disposing of his property between the date of the returning of the verdict and the entry of the judgment, but, theoretically, the judgment is not entered until after those motions have been acted upon by the court.

There can be but one final judgment in a case, no matter how many counts there may be in the petition. [Boothe v. Loy, 83 Mo. App. 601; Seay v. Sanders, 88 Mo. App. 478; Russell v. Railroad, 154 Mo. 428; Young v. Young, 165 Mo. 624; Warren v. Manwarring, 173 Mo. 21.]

Pursuant to the theory above stated, where there is only one count in the petition, and judgment is entered upon the verdict before the motion for new trial is acted upon, and the motion is afterwards sustained, the judgment is impliedly set aside without any express order to that effect. [Lane v. Kingsberry, 11 Mo. 402; Hurley v. Kennally, 186 Mo. l. c. 288.] Here there were two counts in the petition. No separate trial was ordered by the court on those counts, as might have been done under section 694, Revised Statutes 1899, if the trial court had so directed. But this section also provides,

"The judgment upon each separate finding shall await the trial of all the issues."

The question here presented then is, whether upon the court overruling the plaintiff's motion for new trial on the first count and sustaining defendant's motion for new trial on the second count, the court could enter judgment in favor of the defendant on the first count but leave the second count undetermined. Given the premises that there can be but one final judgment in a case no matter how many counts there may be in a petition, and that the judgment on each count shall await the trial of all the issues, it follows that the trial court had no power to enter a judgment for the defendant on the first count until the issues presented by the second count were finally adjudicated. Then for the first time the court had power to enter a final judgment.

From the foregoing it logically follows that there is no legal final judgment in favor of the defendant on the first count, and, therefore, the ruling of the court with respect to that count is not before this court on appeal, for a party cannot appeal until there is a final judgment in the lower court. Under the statute the plaintiff was entitled to an appeal from the interlocutory order of the trial court sustaining defendant's motion for a new trial on the second count, and as the verdict upon that count was only for $1,500 and as that amount does not bring the case within the appellate jurisdiction of this court, and as no other jurisdictional fact is presented by the record, this court clearly has no jurisdiction of the appeal, unless it be that a verdict of a jury, like a judgment of a court, is an entirety, and that when set aside at all it is set aside in its entirety, in other words, unless the setting aside of the verdict in favor of the plaintiff on the second count destroyed the whole verdict and had the effect of also setting aside the verdict in favor of the defendant on the first count.

If there had been separate trials of the two counts

in the petition, under section 694, Revised Statutes 1899, there can be no question that the verdict upon one of those counts would not be affected by the action of the court upon the verdict upon the other count, but that the verdict on the first count would stand until the determination of the issues under the second count, and the judgment would then be entered upon both counts in conformity to the separate verdicts. This is the policy of the statute. And, therefore, it can make no difference in principle whether the two counts were tried separately and separate verdicts rendered thereon, or whether the two counts were submitted to the same jury and a verdict in favor of the defendant was returned on one count and in favor of the plaintiff on the other and the verdict in favor of the plaintiff on the second count was set aside by the court. In such a contingency the verdict on the first count would stand until there was a final trial on the second count, and then one judgment would be rendered in the case in accordance with the verdicts upon both counts. The principle here involved came before this court in Needles v. Burk, 98 Mo. 474. In that case the petition was in two counts, each for a distinct cause of action. The jury returned a verdict for the plaintiff for $143.60 on the first count and for $5 on the second count. The defendant appealed, and this court reversed the judgment and remanded the cause. Afterwards, in the circuit court the plaintiff was ruled to give security for costs, within sixty days. Before the expiration of that time the plaintiff dismissed as to the first count and moved for judgment on the former verdict on the second count. Before this motion was passed on the case was dismissed for failure to give security for costs, and plaintiff appealed. BLACK, J., speaking for this court, said: "The argument of the plaintiff is that the original judgment in his favor was reversed only as to the first count; that upon dismissing as to that count, he had a right to a judgment on the

second, without further trial. Where there are several causes of action, the court may direct separate trials, the judgment to await the trial of all the issues. [R. S. 1879, sec. 3603.] In such cases the awarding of a new trial as to one count would not call for a new trial as to the other counts. If all the issues are tried at the same time with a verdict upon each cause of action we can see no reason why the court might not award a new trial as to one cause of action and let the verdict stand as to the others. The question then is, what was done in this case? By looking to the opinion filed, when this case was here before, we see that the errors considered related to the first count only; but our judgment is general and without limitation. So far as our judgment is concerned, it might as well be said the judgment of the circuit court was reversed for errors in the trial of the second, as for errors in the trial of the first count. When the cause was remanded it stood for new trial just as if the motion made for that purpose in the circuit court had been sustained. Whether that motion asked a new trial on one or both causes of action is not disclosed by this record. As both causes of action were tried at the same time and nothing to the contrary appearing, we must assume that the motion called for an entire new trial, and our judgment awards relief to the full extent of the prayer of the motion. The contention of the plaintiff cannot be sustained on this record.''

In Wollman v. Loewen, 108 Mo. App. l. c. 587, GOODE, J., speaking for the St. Louis Court of Appeals, to the question here involved, said: ''In causes where there have been separate verdicts or findings, on distinct causes of action, appellate tribunals may, and to save costs and expedite justice, often do, reverse the judgment for an error committed in trying the issues arising on one count, and remand the cause with a direction to retry those issues and let the verdicts on the other counts stand. [Citing cases.] This is done when it

is possible to retry nothing but the cause of action erroneously tried at first, without prejudice to the rights of the parties. And if a trial court is directed to follow this course, we understand that, according to regular procedure in legal actions, the judgment on the undisturbed finding should be withheld until a verdict is returned on the issues to be retried, and then be rendered to cover that finding as well as the others; for there can be but one final judgment in a cause.''

In McFarland v. Railroad, 125 Mo. l. c. 275, in speaking of a trial of a cause where more than one issue was involved, this court said: ''Under our code it is the duty of the circuit courts to administer both legal and equitable rights and remedies, when necessary, in the same civil action. The trial court is armed with the discretionary power to direct separate trials, where the nature of the issues on the pleadings require them. [R. S. 1889, sec. 2134.] The exercise of that power furnishes the remedy for such confusion as might otherwise be brought about by the attempt to administer law and equity in the same forum.''

Russell v. Railroad, 154 Mo. 428, was an action for damages for personal injuries. The petition was in two counts; the first, in equity, asking to have a release previously executed by the plaintiff set aside and vacated, and the second a claim for damages for personal injuries. The trial court tried the equity count first and rendered a decree cancelling same, and both parties appealed to this court. The record did not show whether the count at law had ever been tried or not. It was held that the appeal was prematurely taken because there could be but one final judgment in the cause which must dispose of all the issues presented, and that the judgment on the equity count should not have been entered upon the finding upon that count until there had been a judgment on the other count in the petition, and that this was true no matter how many counts there were in

the petition, and no matter if the finding on one of the counts was for the plaintiff and the other for the defendant or not, there could be only one final judgment in a cause. For that reason the appeal in that case was dismissed.

From the foregoing it necessarily results that there has been no legal judgment yet entered upon the first count in the petition, and there can be no such judgment entered thereon until the second count has been tried, when one judgment must be entered upon both counts in conformity to the verdicts thereon. It further follows that the action of the trial court in granting a new trial on the second count did not have the effect of setting aside or disturbing the finding of the jury on the first count, and that the appeal in this case only brings up for review the action of the court in granting a new trial on the second count. When the second count has been disposed of, then a judgment upon the whole case must be entered; and if at that time plaintiff desires to have the action of the trial court and the verdict of the jury on the first count reviewed, he can then appeal. Until such is done, that ruling and the verdict on that count cannot be reviewed. The result follows that as the verdict on the second count was for $1,500 only, and as only the ruling of the court in granting the defendant a new trial on that count is involved in this appeal, this court has no jurisdiction of the case at this time, but the appellate jurisdiction over the question here involved is by the Constitution vested in the Kansas City Court of Appeals; and for these reasons this case is transferred to that court.

All concur.