WILLIAM T. GANN, Appellant, v. THE DEARBORN MANUFACTURING COMPANY, Respondent.

Kansas City Court of Appeals, December 2, 1907, and March 2, 1908.

1. TRIAL PRACTICE: Different Counts: Verdict: Motion for New Trial: Judgment. Where the petition is in different counts and a verdict for the plaintiff on the several counts, the new trial will only be of the counts on which the new trial was claimed; and a judgment as to the other counts will stand suspended on the verdict until the final judgment on all counts.

2. ———: ———: ———: ———: Res Adjudicata. A continuance of the motion for new trial on certain counts carried over the verdict on the other counts; and a verdict only becomes an estoppel by way of *res adjudicata*, which cannot take place until the final judgment is rendered; and the entrance by the clerk of a judgment upon the return of the verdict will not alter the case.

Appeal from Platte Circuit Court.—*Hon. Alonzo D. Burnes*, Judge.

Affirmed.

*James W. Boyd* for appellant.

(1) If this verdict and judgment had been rendered in another suit their admissibility in evidence and their legal effect would not, and could not, be questioned. The fact that the verdict and judgment were rendered in another count in the same case at a preceding term of the court does not abate their legal effect. Russell v. Railway, 154 Mo. 428; Sheridan v. Forsee, 114 Mo. App. 588; Henderson v. Dickey, 50 Mo. 161; Seay v. Sanders, 88 Mo. App. 478; Suddarth v. Empire Company, 79 Mo. App. 585. (2) The verdict on the second count rendered at the March term, without a formal judgment thereon, was at the August term,

1906, binding on the court and conclusive of the facts included in it, especially, as respondent acquiesced in it, made no objection to it, saved no exceptions, made no motion to set it aside, and filed no bill of exceptions. Polletz v. Schell, 30 Fed. 421; Hall v. Milling Co., 16 Mo. App. 454; Altee v. Railway, 21 S. C. 550; Hanna v. Reed, 102 Ill. 596; Russell v. Railway, 154 Mo. 428; Courtney v. Blackwell, 150 Mo. 245; Tilley v. Bridges, 105 Ill. 336; Bigelow on Estoppel (5 Ed.), p. 90; 28 Am. & Eng. Enc. (1 Ed.), p. 417. (3) The second count was an independent cause of action requiring a separate verdict and judgment. Motions against verdicts must be filed within four days or during the term; after four days the verdict is conclusive. R. S. 1899, sec. 803; City v. Robinson, 125 Mo. 1; Welsh v. City, 73 Mo. 71; Long v. Hawkins, 178 Mo. 103; Bates v. Ruth, 88 Mo. App. 550; In re Pound v. Cassity, 91 Mo. App. 424. Nothing came over to the August term, 1906, from said March term except that which was brought over by appellant's said motion. (4) Erroneous, irregular and premature judgments are as binding as regular judgments. McNair v. Biddle, 8 Mo. 257; Ex Parte Jilz, 64 Mo. 212; State ex rel. v. Simmons, 112 Mo. App. 539; McIlwrath v. Hollander, 73 Mo. 114. (5) When, on the trial of one count in a petition, facts are found by the court or jury those facts cannot be controverted in a trial on other counts in the same petition. Russell v. Railway, 154 Mo. 433; Courtney v. Blackwell, 150 Mo. 276; Cramer v. Barmon, 193 Mo. 327; Bank v. Robbins, 67 Wis. 68; 1 Black on Judgments, sec. 354.

*L. C. Gabbert* and *J. H. Hull* for respondent.

(1) The court committed no error in sustaining respondent's motion for a new trial. Miller v. Car Co., 130 Mo. 517; Hoepper v. Hotel Co., 142 Mo. 378. (2) The burden of proof is on the appellant to show that the court committed error in granting a motion for

new trial; in other words appellant must show the court committed no error in the trial of the cause. Hewett v. Steele, 118 Mo. 463; Bennett v. Mining Co., 110 Mo. App. 317; Morlock v. Railroad, 112 Mo. App. 640; Thompson v. Railway, 140 Mo. 125; Haven v. Mo. Pac. 155 Mo. 216. (3) Defendant filed a general denial to the petition and this joined the issue. There can be no reply to a general denial and plaintiff cannot thus amend his petition by reply. This was especially prejudicial to the defendant in this case for the reason that the plaintiff had examined his chief witness and defendant cross-examined him, and all this new matter was pleaded in the reply virtually in the middle of the case. Mahoney v. Reed, 40 Mo. App. 109; McMahill v. Jenkins, 69 Mo. App. 279; Hill v. Coal Co., 119 Mo. 30; Rhodes v. Land & Lumber Co., 105 Mo. App. 314; R. S. 1899, sec. 607. (4) There can be but one final judgment in a case. Seaf v. Sanders, 88 Mo. App. 484; Cramer v. Barman, 193 Mo. 587; Suddarth v. Lime Co., 79 Mo. App. 590; Sheridan v. Forsee, 114 Mo. App. 588; Webber v. Squirer, 51 Mo. App. 605; Kendrick v. Railroad, 81 Mo. 526; R. S. 1899, sec. 800. (5) Estoppel by verdict is a misnomer and a verdict or other finding not followed by a judgment works no estoppel. Wadsworth v. Connell, 104 Ill. 369; Estate v. Holbert, 57 Cal. 257; Hawks v. Truesdale, 99 Mass. 557; Dougherty v. Coal Co., 202 Pa. St. 635; Black on Judgment, sec. 506; 16 Cyc., p. 681; 7 Am. & Eng. Ency. Law (1 Ed.), p. 3; Norton v. Bohart, 105 Mo. 615.

ELLISON, J.—Plaintiff brought this action by filing a petition containing two counts. The first was for lumber sold to defendant for the sum of $1,523.26, upon which there had been a payment, leaving a balance of $1,269.70. The second was for paying the freight on such lumber and transporting three carloads

of it from a railway station to defendant's factory, wherein plaintiff claimed the sum of $118.27.

There was a trial at the March, 1906, term of court, at which plaintiff obtained a verdict for $681.93 on the first count and for $118.27 on the second count. Plaintiff, feeling that the verdict on the first count was for much less than he ought to have, filed a motion for new trial on that count. Defendant acquiesced in the verdict. The cause was continued on the motion for new trial to the August term following, when it was overruled, but afterwards, at same term, the order overruling it was set aside and it was sustained.

At the second trial and during the hearing of evidence the plaintiff filed what is termed a reply, in which he set up the verdict of the jury on the second count at the first trial. He further set up that the facts alleged in his second count were found to be true and that defendant was estopped to deny them and that they should stand as conclusively established by the verdict on that count, and that among those facts so concluded by the verdict were those that plaintiff had sold and delivered to defendant three carloads of lumber. At the conclusion of the evidence the court gave an instruction to the effect claimed by plaintiff in this reply, and the jury found a verdict for the plaintiff for the full amount of the first count.

The defendant thereupon filed a motion for new trial wherein, among other reasons, it was claimed that error was committed in admitting in evidence the petition, the instructions and the verdict on the second count, and in giving the instruction declaring the verdict on the first trial was conclusive; and that the verdict was against the weight of the evidence. This motion was sustained, but no special reason was assigned or asked for by the parties. Plaintiff thereupon appealed to this court from such order granting the new trial.

The trial court's conclusion that error was committed in holding that the verdict on the second count estopped the defendant, or was *res adjudicata* on any matters arising on the second trial of the first count, was a correct conclusion. When there is more than one count in a petition, the granting of a new trial as to one or more of the counts does not have the effect to disturb the verdict as to the counts of which no proper complaint has been made. The new trial will only be of the counts on which a new trial was granted. [Cramer v. Barmon, 193 Mo. 327; Russell v. Railway, 154 Mo. 428; Wollman v. Loewen, 108 Mo. App. 581.] When, therefore, in this case, the court granted a new trial as to the first count, the verdict for plaintiff on the second count was not disturbed; but, as there can be but one final judgment in a case, proceedings on the second count stopped at the verdict and remained suspended or in abeyance, until a final judgment.

When the trial court continued the motion for new trial, it took with it the case as it stood at the day of the continuance; and while the time within which either party could have filed a motion for new trial passed by, yet the verdict was at the disposal of the court and for good cause the court might have arrested the judgment or granted a new trial on its own motion. It is therefore clear that a verdict only cannot be set up as an estoppel by way of *res adjudicata*. And so it seems to be uniformly ruled. [Estate of Holbert, 57 Cal. 257; Hawks v. Truesdale, 99 Mass. 557; Dougherty v. Coal Co., 202 Pa. St. 635; Child v. Morgan, 51 Minn. 116; Carstarphen v. Holt, 96 Ga. 703; 2 Black on Judgments, sec. 506; 1 Herman on Estoppel and Res Adjudicata, 469.] Matters in litigation between parties do not become adjudicated until the judgment is rendered. Proceedings are not a finality in a cause in court, until the final judgment of the court has been

pronounced, and it is such judgment which concludes the parties thereto.

It seems that when the verdict was returned at the first trial the clerk immediately wrote the judgment in the record for the plaintiff on both counts, and notwithstanding a motion for new trial which was made as to the first count within four days, was continued to the following term and then sustained, the plaintiff contends that he had a judgment on the verdict. We do not think so. The face of the record discloses that the case was not closed and that the cause was continued, to the end that final judgment might be rendered at some subsequent time, when it had been fully determined. While judgments prematurely rendered may become binding in certain contingencies, yet in this case the judgment entered was, in form, a judgment as an entirety, which included the sum found on the first count. And as to that it is conceded to be of no force. We do not understand how a judgment thus improperly entered and thus rendered of no effect by the motion for new trial and continuance, can be said to be an effective judgment so as to estop a party to the cause before the final adjudication.

We think it clear that the trial court properly granted the new trial and hence affirm the judgment. All concur.