R. H. BRUCE, Respondent, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, February 1, 1909.

1. COMMON CARRIERS: Injury to Shipper: Riding Place: Notice: Negligence: Instruction. A shipper whose contract gives him transportation and requires him to look after and feed his stock gives him a right to enter the car in which the stock is transported, but his place of carriage is in the caboose; and when the car is being switched in the yards he should inform the carrier's agents that he is about to go into the car to look after his stock, and whether he did or not and whether that fact contributed to his injury, on a conflict of evidence is a question to be submitted to the jury.

2. ———: ———: ———: ———: ———: ———. Under the situation disclosed in the record it is held proper to instruct the jury that if the carrier's servants did not know that the shipper was in the car when about to be switched and the engineer exercised ordinary care, the verdict should be for the defendant.

3. ———: ———: ———: Secreted Agent. What the effect on the shipper's right to recover would be the fact that he had secreted a man in the car who was to look after his horses for him is not passed upon since it is not pleaded and appeared to have been unknown up to the time of the trial.

4. TRIAL PRACTICE: Two Counts: Appeal on One: Reversal: Effect. There were two counts to the petition with judgment for plaintiff on both. Defendant appealed and complained only of the result on the first count, which was error. Held, the cause should be reversed as to the first count and the finding in the second count should enter into the final judgment after disposition of the first on new trial.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

REVERSED AND REMANDED.

*Warner, Dean, McLeod & Timmonds* for appellant.

(1) The court committed error in refusing defendant's instruction number 6. (2) The court committed error in refusing defendant's instruction number 7.

*A. A. Whitsitt* and *Karnes, New & Krauthoff.* for respondent, submitted argument.

ELLISON, J.—Plaintiff received a personal injury as the result of defendant's carelessness in the switching of cars in its yards at Kansas City. He recovered judgment in the trial court.

He had lived at Pleasant Hill, in this State, and, at the time he was hurt, he was in the act of moving therefrom to the State of Colorado. He loaded a car at Pleasant Hill with household goods in one end and several horses in the other. The horses' heads were about the center of the length of the car, facing towards the end in which were the household goods. The car was shipped out from Pleasant Hill with another carrier and was delivered over to this defendant at Kansas City to complete the transportation to Colorado, and a new contract of affreightment was executed at Kansas City with defendant. The contract provided that "when endorsed by the person or persons in charge and signed in ink by agent, will entitle such person or persons to ride on same train with stock to care for same, but will not entitle holder of contract to ride on any other train, nor will contract be accepted for passage on any passenger train . . . And in consideration of the free transportation for one person, designated by the first party, who have endorsed their names hereon in the presence of the agent, hereby given by said railway company, such persons to accompany the stock, it is agreed that the said cars, and the said animals con-

tained therein, are and shall be in the sole charge of such persons, for the purpose of attention to and care of the said animals, and that the said railway company shall not be responsible for such attention and care. . . . It is agreed that the said animals are to be loaded, unloaded, watered and fed by the owner of his agents in charge."

While at Kansas City plaintiff got into the car for the purpose of watering the horses with water he testifies he obtained from the engine with a bucket. He then got out and some of defendant's servants telling him they were going to do some switching, he said to them, "Well, I will get in and feed;" and while in the car for that purpose a switch engine struck it with such suddenness and force as to throw the horses down and upon him, whereby his knee was seriously injured.

Leaving out of view the fact that plaintiff had an agent secreted in this car with a view of having him attend to the horses and get a free ride to Colorado by defrauding defendant, a matter to which we will refer further on, we will proceed to look into the criticism offered on the action of the court on the instructions.

Complaint is made by defendant of the refusal of instruction number 6, where the jury are informed that if plaintiff went into the car before it had been placed in a train for transportation, knowing it was about to be switched from place to place in the yards, and that in such circumstances, he went into the car without informing defendant's servants of his intention to do so, and if his doing so was negligence and contributed to his injury, they should find for defendant.

Plaintiff was being transported in the caboose, and while a shipper with a contract like plaintiff's would have a right to go into the car whenever reasonably necessary to look after the comfort of his horses, and while he could perhaps exercise that right in ordinary circumstances without informing the carrier's servants in charge of the train, yet, in the instance of this case

the plaintiff took upon himself to show by testimony that he informed the servants that he was going into the car, thereby showing that they knew he was there. The defendant's servants, as witnesses, denied any such knowledge.  They denied that he got water from the engine and that he informed them that he would get in the car to feed.  It seems to us only fair that when plaintiff made a showing of knowledge, which defendant denied, the latter should have been allowed an instruction to the effect of that which the court refused. That instruction was merely to meet evidence offered by plaintiff by submitting the hypothesis raised by the evidence in defendant's behalf.

In stating that plaintiff was being transported in the caboose, we are not unmindful of his claim that the contract did not, in terms, provide where he should ride.  But the car was an ordinary closed one, and, as stated by plaintiff, "was as dark as a dungeon," and it is not to be supposed that a passenger should ride therein.  His contract imposed upon him the duty to look after and feed his stock, which gave him a right to enter the car at reasonable times and places for that purpose (Bolton v. Railway, 172 Mo. 92), but it did not have the effect of making it a place for his transportation when not engaged in caring for the stock. It is common knowledge that shippers, with the duty to feed and water their animals, are not transported as passengers in a car with the animals.  It is necessarily a place of more danger than a caboose which is provided for them and servants of the company.  We do not regard Bolton v. Railway, as supporting the position taken by plaintiff in his brief.

We think error was likewise committed in refusing defendant's instruction number 7, wherein it was declared that if the defendant's servants did not know plaintiff had gotten into the car in the yards when it was about to be switched and that the engineer exercised ordinary care, that is, such care as an ordinarily

prudent engineer in charge of an engine would exercise in the same circumstances, the verdict would be for defendant. In view of the exceptional situation of the parties, including the fact that it was not to be expected that plaintiff would be in constant occupation of the car, and of the further fact that it was in the yards for switching to its place in the train, we think the instruction was proper.

Other points of criticism of the trial were discussed than those herein noticed; but as controversy over them will probably not occur at another trial, we need not offer any comment.

As stated at the outset, plaintiff secreted a man in the car who was to look after the horses for him. He was provided by plaintiff with a coal oil stove for warmth, and with bedding. All this was unknown to defendant; and its effect was that while plaintiff only was being carried to look after his stock, the defendant was transporting another. These facts developed at the trial and were perhaps unknown to defendant before that time. They were not pleaded, and we have not, therefore, considered the law in such condition of case; nor do we say whether such facts could be made to influence a disposition of the case.

There were two counts in the petition. The first was the one considered in this opinion. The second concerned a former shipment of stock on which the verdict was likewise for plaintiff. Defendant makes no complaint as to the result on that count. The judgment will be reversed and cause remanded for a new trial on the first count only and when final judgment is rendered, it will include a judgment for plaintiff on the second count. [Cramer v. Barmon, 193 Mo. 327.] All concur.