BENDESEE DIXON (NOW HUTCHINSON) and TERRIL DIXON, by their next friend, VERYNEASY BOYER, SUCCESSOR TO ROSA HOARD, Respondents. v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals.     Opinion Filed November 6, 1917.

APPELLATE PRACTICE: Final Judgment: Necessity: Premature Appeal. Plaintiffs' petition contained two counts, one at law for damages for death of their father, resulting from defendant's negligence, and the other in equity seeking to set aside judgments obtaining a release of claims against defendant. The count in which were alleged to have obtained by fraud for the purpose of obtaining a release of claims against defendant. The court in equity was first tried, and, the judgments of the justice having been set aside, defendant appealed, though the count at law had not been disposed of. Revised Statutes 1909, section 1795, allows a plaintiff to unite in the same petition several causes of action, legal or equitable, or both. Section 1971 declares that judgment upon each separate finding shall await the trial of all the issues, while section 2097 declares that only one final judgment shall be given in the action. *Held,* that there was no final judgment, and that the circuit court must proceed with the trial of the court at law, and upon the determination thereof, the whole judgment in the case should be set out in the final judgment, before an appeal will lie, and, consequently the appeal must be dismissed as being premature.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Eugene McQuillin* Judge.

APPEAL DISMISSED.

*T. E. Francis,* and *S. P. McChesney* for appellant.

(1) The court erred in its finding and decree in setting aside the judgments. (a) Because said judg-

ments are valid and approved by the court where rendered. Butler v. Winchester Home, 104 N. E. (Mass.) 451. (b) Because there is an absence of any showing of fraud. (c) Because the finding and decree do not do equity. 21 Encyclopaedia of Pleading and Practice, pages 548-549; Robinson v. Siple, 129 Mo. 220-221; Shuee v. Shuee, 100 Ind. 481.

*S. P. Bond* for respondents.

(1) A court of equity in a direct proceeding between parties to the record will set aside and vacate any judgment obtained by fraud practiced by one on another. Smith v. Taylor, 78 Mo. App. 630-633; Bresnehan v. Price, 57 Mo. 422-423. (2) The first count of respondents' petition is a suit in equity to set aside the judgments in favor of the respondents, fraudulently obtained, at the instigation of appellant, before the justice of the peace. Money paid by appellant for its own wrong in furtherance of the actual fraud, a court of equity will not aid it to recover back but will leave the wrongdoer where it finds it. The Connecticut Mutual Life Ins. Co. v. Smith, 117 Mo. 261, 297-298; Courtney v. Blackwell, 150 Mo. 245. Courtney v. Blackwell, 150 Mo. 245, is a case where the first count is one in equity to set aside a fraudulent contract and the second count for damages, the same as in the case before the court.

BECKER, J.—Plaintiffs below, respondents here, filed their petition in two counts in the circuit court of St. Louis against the St. Louis Transit Company, the first count being of $5000 damages for the death of their father resulting from injuries alleged to have been sustained through the negligence and carelessness of the defendant, and the second count in equity seeking to set aside two judgments obtained before a justice of the peace in the name of the respondents for $100, each of which judgments are alleged to have been obtained by fraud and for the sole purpose of obtaining a release of all claims against the defendant for damages by reason of the death of the father of the respondents

caused by the alleged negligence and carelessness of the defendant.

The court below proceeded with the trial of the count in equity first and after hearing the testimony set the judgments of the justice of the Peace aside. Thereupon the defendant, in due course, appealed to this court. The record of the case before us shows that the count at law for $5000 has not been tried.

Under section 1795, Revised Statutes of Missouri, 1909, "plaintiff may unite in the same petition several causes of action whether they be such as have been heretofore denominated, legal or equitable or both." . . . And section 1971, Revised Statutes of Missouri, 1909, among other things provides: "The judgment upon each separate finding shall await the trial of all the issues." . . . And as it is provided by section 2097. Revised Statutes of Missouri, 1909, that, "only one final judgment shall be given in the action," it follows that one single final judgment must dispose of all the issues and all the parties in the case. [McQuitty v. Steckdaub (Mo.), 190 S. W. 590; Cramer v. Barron, 193 Mo. l. c. 329, 91 S. W. 1038; Baker v. St. Louis, 189 Mo. l. c. 378, 88 S. W. 74; Rock Island Imp. Co. v. Marr, 168 Mo. l. c. 257, 67 S. W. 586; Warren v. Manwarring, 173 Mo. l. c. 37, 73 S. W. 447; Mann v. Doerr, 222 Mo. l. c. 10, 121 S. W. 86; Stone v. Perkins, 217 Mo. 586, 117 S. W. 717; Smith v. Kiene, 231 Mo. 215, 132 S. W. 1052; Clark v. Sub. Ry. Co., 234 Mo. l. c. 435, 137 S. W. 583; State ex rel. v. Fraser, 165 Mo. l. c. 256, 65 S. W. 569; Russell v. Ry. Co., 154 Mo. l. c. 431, 432, 55 S. W. 454; Estes v. Fry, 166 Mo. l. c. 70, 65 S. W. 741; Holborn v. Naughton, 60 Mo. App. 103; Beshears v. Vandalia Bank Ass'n., 73 Mo. App. l. c. 299; Seay v. Sanders, 88 Mo. App. 484; Pipe Co. v. Railroad, 137 Mo. App. l. c. 512, 119 S. W. 1; Wollman v. Loewen, 108 Mo. App. l. c. 587, 84 S. W. 166.] So where one count of a petition containing two or more counts is adjudged insufficient, there can be no appeal from the order so adjudging it until after the several counts have been tried and determined, and that for the

reason that there can be no final judgment until the whole case is determined.

In the case at bar the petition contains one count at law and one in equity, and the count in equity having been heard and disposed of, the circuit court must proceed with the trial of the count at law, and upon the determination thereof the whole judgment in the case should be set out in the final judgment on both counts. [Russell v. St. Louis & Sub. Ry. Co., 154 Mo. 428, 55 S. W. 454; Courtney v. Blackwell, 150 Mo. 245, 51 S. W. 668.]

It follows from what we have stated above that this appeal was prematurely taken. The appeal is accordingly dismissed. *Reynolds, P. J.,* and *Allen, J.,* concur.