ANDREW L. MAGEE v. MERCANTILE-COMMERCE BANK & TRUST COMPANY, Defendant-Appellant.

ANDREW L. MAGEE, Plaintiff-Appellant, v. MERCANTILE-COMMERCE BANK & TRUST COMPANY.—98 S. W. (2d) 614.

Division One, November 12, 1936.

*Aug. G. Walz* for appellant.

*Thompson, Mitchell, Thompson & Young, C. P. Berry* and *Ronald J. Foulis* for respondent.

HYDE, C.—This is an action to recover the par value of bonds, which plaintiff purchased from defendant upon an agreement

(claimed to have been part of the transaction of purchase) to repurchase them at par whenever plaintiff desired to resell. The cause was tried on an amended petition containing five counts. Both parties have appealed from what was entered as the judgment in the case.

This judgment is, as follows:

"Now at this day come again the parties hereto by their respective attorneys, comes also again the jury heretofore sworn and impaneled herein. Thereupon the trial of this cause is resumed and progressed and at the close of all of the evidence, the Court at the request of the defendant gave and read to the jury instruction number four in the nature of demurrers to the evidence as to counts number 2, 3, 4, and 5 of plaintiff's amended petition. Thereupon the trial of this cause further progressed as to the remaining count number 1 and being terminated, the jurors aforesaid upon their oaths as aforesaid, say:

"We, the Jury in the above cause, find in favor of the plaintiff, on the issues herein joined *on Count one* of the petition, and assess plaintiff's damages at the sum of $11,738.06 Dollars, with interest thereon at six per cent per annum from May 18, 1929 to January 15, 1935, amounting to $3984.88, aggregating $15,722.94 Dollars."

"Wherefore, it is considered and adjudged by the Court that plaintiff have and recover of the defendant *on count one* of his petition, the sum of Fifteen thousand seven hundred twenty-two and 94/00 ($15,722.94) Dollars, together with the costs of this suit and have therefor execution."

The bill of exceptions shows that the trial began on January 14, 1935, and that this judgment was entered on January 15th. Defendant filed a motion for new trial on January 17th and plaintiff filed a motion for new trial on January 18th. These motions were both overruled on the same day at the next term and appeals were taken by both parties during that term. The record contains no verdict on counts 2, 3, 4, and 5 and no judgment even purporting to dispose of them. Section 1018, Revised Statutes 1929, provides for an appeal "from any final judgment," and from certain specified interlocutory orders and judgments which do not appear in, and therefore have no bearing on this case. The right of appeal is purely statutory, exists only where it is specified, or can be implied from statutory provisions, and a compliance with mandatory statutory requirements is essential to the exercise of this right. [Boyd v. Logan Jones Dry Goods Co., 335 Mo. 947, 74 S. W. (2d) 598; Stephens v. Oberman Mfg. Co., 334 Mo. 1078, 70 S. W. (2d) 899; Pence v. Kansas City Laundry Service Co., 332 Mo. 930, 59 S. W. (2d) 633; Manthey v. Kellerman Contracting Co., 311 Mo. 147, 277 S. W. 927; Pfotenhauer v. Ridgway, 307 Mo. 529, 271 S. W. 50.] Section 1070, Revised Statutes 1929, provides that "a judgment is the final de-

termination of the right of the parties in the action." Section 1077, Revised Statutes 1929, provides that "only one final judgment shall be given in the action." A judgment, to be final and appealable, must dispose of all parties and all issues in the cause. [Boyd v. Logan Jones Dry Goods Co., 335 Mo. 947, 74 S. W. (2d) 598; Stephens v. Oberman Mfg. Co., 334 Mo. 1078, 70 S. W. (2d) 899, Id. (Mo. App.), 79 S. W. (2d) 516; Cox v. Frank L. Schaab Stove & Furniture Co., 332 Mo. 492, 58 S. W. (2d) 700, Id. (Mo. App.), 67 S. W. (2d) 790; Ford v. Ford (Mo.), 24 S. W. (2d) 990; Dixon v. St. Louis Transit Co., 197 Mo. App. 646, 198 S. W. 431; Cramer v. Barmon, 193 Mo. 327, 91 S. W. 1038; Russell v. St. L. & S. Ry. Co., 154 Mo. 428, 55 S. W. 454; Ray v. Missouri Christian College (Mo. App.), 93 S. W. (2d) 1030.] "A judgment is not considered final which settles part only of several issues of law or fact." [Barlow v. Scott (Mo.), 85 S. W. (2d) 504, l. c. 519, and authorities cited.]

In order to prevent delay and to reasonably interpret these statutes, this court has overlooked the omission of mere matters of form and held that a judgment is sufficient to support an appeal "when it appears to have been intended by some competent tribunal as the determination of the rights of the parties to an action, and shows in intelligible language the relief granted." [Stith v. J. J. Newberry Co., 336 Mo. 467, 79 S. W. (2d) 447.] However, the judgment here does not merely omit matters of form or show defectively that a final result was reached. The trouble is that it. grants no relief to either party on four of the five counts tried, and shows that no rights were determined at all except on one count only. Therefore, it is clear that there is no final judgment in this case.

Since this record fails to show that any verdict was returned by the jury as to counts 2, 3, 4, and 5, or that there was any dismissal or nonsuit as to them, there never has been a decision or disposal of these counts, and they are still pending undetermined in the trial court. Our statute does not allow parties to appeal piecemeal or permit them to bring one issue in a case to an appellate court while other issues therein remain undecided by the trial court. Except as to the specific orders made appealable by the statute, they can only appeal from a final determination of the whole case. The appeals of both parties herein are, therefore, premature and present nothing upon which this court can act. There can be an appeal in this case only when a final judgment is entered below, either by dismissal of the counts upon which there has been no verdict or by obtaining a verdict on these counts by retrial. If there actually were verdicts on these four counts a final judgment might have been entered *nunc pro tunc* (Stith v. J. J. Newberry Company, supra), but until they are disposed of, the judgment upon the verdict deciding the first count is only interlocutory and this verdict should be held in abeyance un-

562

til a final judgment can be entered on the whole case. [Hoelzel v. C., R. I. & P. Railroad Co., 337 Mo. 61, 85 S. W. (2d) 126; Barr v. Nafziger Baking Co., 328 Mo. 423, 41 S. W. (2d) 559; Neal v. Curtis & Company Mfg. Co., 328 Mo. 389, 41 S. W. (2d) 543.] The trial court should set aside the judgment entered on the first count and hold the verdict thereon in abeyance until a final judgment can be entered disposing of the whole case. When there is a final judgment determining all counts, either or both parties may then appeal therefrom if they so desire.

Both appeals are dismissed. *Ferguson* and *Bradley, CC.*, concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.