ROBERT R. SHOUSH, RESPONDENT, v. CHARLES TRUITT AND ARCHIE TRUITT, DOING BUSINESS AS TRUITT BROTHERS MOTOR COMPANY, APPELLANTS.—235 S. W. 2d 859.

Kansas City Court of Appeals.   Opinion delivered January 8, 1951.

*Roland A. Zeigel* and *Jayne & Jayne* for appellants.

*Lawson Romjue,* and *Philip J. Fowler,* for respondent.

BOUR, C.—Plaintiff-respondent brought this suit by filing a petition in two counts. Each count purports to state a separate and distinct cause of action against defendants-appellants. In view of the conclusions which we have reached in this case it would serve no useful purpose to state the contents of the pleadings, which are quite lengthy and involved.

The record shows that defendants moved to dismiss both counts of the petition, and filed an answer and counterclaim to the first count. Defendants also filed an answer and counterclaim to the second count of the petition. The motions to dismiss were overruled and the case proceeded to trial before a jury. At the close of plaintiff's evidence and again at the close of all the evidence, defendants moved for a directed verdict as to both counts. These motions were overruled. On February 1, 1950, the jury returned a verdict for plaintiff on the first count, and assessed his actual damages at $298.18, and punitive damages at $300; and the jury also found for plaintiff on the second count and assessed his damages at $150, the verdict being against defendants on both of their counterclaims. On the same day, February 1, 1950, there was entered of record the following judgment (omitting formal parts): "It is therefore ordered, adjudged and decreed that the plaintiff have and recover from the defendants the sum of $598.18 on the first count of the petition and the sum of $150.00 on the second count of the petition, in all the sum of $748.18, together with the costs of this action and that execution issue therefor."

On February 9, 1950, defendant filed (1) a motion for judgment on the first count and for judgment on their counterclaim to the first count; (2) a motion for judgment on the first count in accordance with their motion for a directed verdict; (3) a motion for judgment on the second count and for judgment on their counterclaim to the second count; and in the alternative (4) a motion to set aside "the verdict of the jury rendered in favor of the plaintiff on the first count of his petition and rendered in favor of plaintiff on the counterclaim to the first count of his petition," and to have the court "grant a new trial of all the issues joined in said count of said petition * * *"; (5) a motion "to set aside the verdict of the jury on the second count of plaintiff's petition and on the counterclaim thereto," and to have the court "grant defendants a new trial of the issues therein * * *." The motions for a new trial set forth several grounds of alleged error, including the ground that the court erred in refusing to sustain defendants' motions for directed verdict at the close of all the evidence.

On February 28, 1950, the trial court overruled all of the above motions except defendants' alternative motion for a new trial of the issues joined on count one, which was sustained.

Thereafter, and on March 6, 1950, the defendants filed their notice of appeal. Omitting caption and signatures, defendants' notice of

appeal is as follows: "Notice is hereby given that Charles Truitt and Archie Truitt, d/b/a Truitt Brothers Motor Company, defendants above-named, hereby appeal to the Kansas City Court of Appeals of Missouri from the judgment on the first count denying defendants' motion for directed verdict on the first count of plaintiff's petition and on defendants' counterclaim thereto, and from the judgment on the second count of plaintiff's petition and defendants' counterclaim thereto, all as entered in this action on the 28th day of February, 1950 (insofar as the overruling of motions on the first count is concerned) and on the 20th day of January, 1950 as regards second count."

The plaintiff did not appeal from the order granting defendants a new trial on count one.

Defendants contend that plaintiff did not make a submissible case on either count of his petition and, therefore, that the trial court erred in overruling defendants' motions for directed verdict and their after-trial motions for judgment. It appears from the record, however, that we cannot consider these contentions, whether meritorious or not, for the reason that there was no order, judgment or decision of the trial court from which defendants were entitled to appeal.

The notice of appeal refers to judgments entered on January 20, 1950 and February 28, 1950. No judgments were entered on those dates. The only judgment in the case was entered on the date of the verdict, February 1, 1950. Furthermore, no order was entered on January 20, 1950. No doubt the reference to the last-mentioned date was inadvertent. Defendants' motion for a directed verdict at the close of all the evidence was overruled on February 1, 1950. However, all of defendants' after-trial motions for judgment were overruled on February 28, 1950, a date referred to in the notice to appeal. It would seem, therefore, that defendants attempted to appeal from the orders overruling their motions for judgment.

The right of appeal is purely statutory, and where the statutes do not give such right, it does not exist. Tevis v. Foley, 325 Mo. 1050, 30 S. W. 2d 68. Section 126, Civil Code, Laws 1943, p. 390, Mo. R. S. A. sec. 847.126, provides for an appeal "from any final judgment in the case," and from certain specified interlocutory orders and judgments. But it does not provide for an appeal from an order overruling a motion for judgment in favor of a defendant. Hence the defendants in the present case could not appeal from the orders overruling their after-trial motions for judgment. Section 126 makes no provision for an appeal by defendants under the facts of this record, unless the judgment entered by the trial court on February 1, 1950, was a "final judgment in the case." While defendants evidently attempted to appeal from the orders overruling their motions for judgment, the Supreme Court has held that a

notice of appeal which can reasonably be construed as an attempt in good faith to appeal from a final judgment or appealable order shall be deemed sufficient, even though some unappealable order is designated therein. Weller v. Hayes Truck Lines, 355 Mo. 695, 197 S. W. 2d 657, 660, en Banc. Assuming, then, that defendants' notice of appeal shows an attempt in good faith to appeal from the judgment entered on February 1, 1950, the question arises whether that judgment was a final judgment in the case.

As stated, the trial court overruled all of defendants' after-trial motions for judgment. But the court sustained defendants' alternative motion for a new trial of the issues joined on count one. In Bailey v. Interstate Automotive, Inc., 358 Mo. 1121, 219 S. W. 2d 333, the trial court overruled defendants' motion for judgment in accordance with defendants' motion for a directed verdict made at the close of all the evidence, but defendants' motions for a new trial were sustained. The plaintiff appealed from the orders granting a new trial and defendants appealed from the orders overruling their motions for judgment. In dismissing the defendants' appeals, the Supreme Court said (219 S. W. 2d l. c. 335): "We are of the opinion defendants' appeals should be dismissed. Section 126, Civil Code of Missouri, Laws of Missouri 1943, p. 390, Mo. R. S. A. sec. 847.126, does not provide for an appeal from an order overruling a motion for judgment for defendant. There was no finality of action by the trial court in overruling such motions as authorized appeals. Had defendants' motions for a new trial been overruled, the judgment rendered upon the verdict for plaintiff would have been final, and would have supported appeals by defendants. But the trial court sustained defendants' motions for a new trial, and so defendants were not and are not aggrieved by any appealable final order of the trial court adverse to them. Section 126, Civil Code of Missouri, supra; Vol. 1, Carr Missouri Civil Procedure, sec. 812, at page 868; Vendt v. Duenke, Mo. App., 210 S. W. 2d 692; Long Mercantile Co. v. Saffron, Mo. App., 104 S. W. 2d 770."

In view of the decision in the Bailey case, it is clear that the judgment of February 1, 1950 was not a final judgment as to count one, since defendants were granted a new trial on the first count. So far as the plaintiff in the present case is concerned, he was, of course, entitled to appeal from the order granting defendants a new trial (Civil Code, Sec. 126), but he did not do so.

The question remains, however, whether the judgment of February 1, 1950 was a final judgment as to the issues joined on the second count. As stated, the trial court overruled defendants' motion for a new trial on the second count. Section 1236, R. S. Mo. 1939, Mo. R. S. A. sec. 1236, defines a judgment as follows: "A judgment is the final determination of the right of the parties in the action." Section 1236 has not been repealed by the new Civil Code. It has

been repeatedly held by our Supreme Court and the Courts of Appeals that a judgment must dispose of all parties and all issues in the case to be a final judgment for the purposes of appeal. White v. Sievers, 359 Mo. 145, 221 S. W. 2d 118; Magee v. Mercantile-Commerce Bank & Trust Co., 339 Mo. 559, 98 S. W. 2d 614, citing many cases; Webster v. Sterling Finance Co., Mo. Sup., 165 S. W. 2d 688; Staples v. Dent, Mo. App., 220 S. W. 2d 791. And it has been held that there can be but one final judgment in a case, no matter how many counts there may be in the petition. Magee v. Mercantile-Commerce Bank & Trust Co., supra; Webster v. Sterling Finance Co., supra; Russell v. St. Louis & Suburban Ry. Co., 154 Mo. 428; Dixon v. St. Louis Transit Co., 197 Mo. App. 646, 198 S. W. 431; Gann v. Dearborn Mfg. Co., 129 Mo. App. 425, 107 S. W. 15. In this respect, the new Civil Code and the rules of the Supreme Court have made no change in procedure from that which was provided in the old Civil Code, except as stated below. Stone v. Boston, Mo. App., 218 S. W. 2d 783; Severs v. Williamson, Mo. App., 198 S. W. 2d 368.

The law as stated above has been modified to a certain extent by the new Civil Code and particularly by Supreme Court Rule 3.29. The Civil Code of 1943 authorizes separate trials of claims, counterclaims, cross-claims, third party claims, and particular issues. Laws 1943, pp. 353, 397, secs. 16(b), 17(a), 79, 97(b), 103, Mo. R.S.A. 847.16(b), 847.17(a), 847.79, 847.79(b), 847.103. Section 116, Civil Code, provides: "The judgment shall be entered as of the day of the verdict." Supreme Court Rule 3.29 provides that when "a separate trial of any claim, counterclaim or third party claim is ordered in any case and a jury trial thereof is had, the separate judgment entered upon the verdict therein shall be deemed a final judgment for the purposes of appeal within the meaning of Section 126." The rule also provides that in case "a separate final judgment is entered the court may stay its enforcement until other or all final judgments in the cause are entered and may prescribe such conditions as are necessary to secure and protect the relative rights of all parties." See Harper v. St. Joseph Lead Co., Mo. Sup., 233 S. W. 2d 835; Vol. 2, Carr Missouri Civil Procedure, sec. 860, p. 45. In the instant case no order for separate trials of the various claims and counterclaims, as authorized by Section 97(b), supra, was requested by any of the parties. The plaintiff's claims and defendants' counterclaims were all tried together at the same time; and the court entered a single judgment on February 1, 1950. It is obvious that the record in this case does not bring it within the provisions of Supreme Court Rule 3.29. See Severs v. Williamson, supra; S. S. Kresge Co. v. Shankman, Mo. App., 194 S. W. 2d 716. Consequently, we must apply the law as stated in the preceding paragraphs.

Since it appears from the record that the trial court sustained defendants' motion for a new trial of the issues joined on the first

count of the petition, the rights and liabilities of plaintiff and defendants,. with respect to the first count of the petition and the counterclaim thereto, remain undetermined in the trial court. There being no final judgment in the case disposing of all of the counts and counterclaims, the cause is still pending in the circuit court. It follows that defendants' appeal was premature and should be dismissed. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of BOUR, C., is adopted as the opinion of the court. The appeal is dismissed. All concur.