Margaret SHORES, Plaintiff-Appellant,

v.

Robert J. MELSON, Martha L. Melson, Connie B. Wyatt, and Gloria Wyatt, Defendants-Respondents.

Nos. 47660, 47663.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 11, 1984.

**922**

Michael A. Turken, St. Charles, for plaintiff-appellant.

Daniel Keith Barklage, St. Charles, for defendants-respondents.

SMITH, Presiding Judge.

Plaintiff appeals from a judgment against her on defendants' counterclaim. We grant defendants' motion to dismiss the appeal for lack of an appealable order.

The jury verdict was in favor of defendants on plaintiff's petition seeking recovery on a promissory note. It also returned a verdict for defendants on their counterclaim originally premised on fraud and partial breach of contract but submitted on the latter theory. The trial court granted plaintiff's motion for new trial on her claim but denied her request for new trial on the counterclaim. Defendants appealed from the order granting a new trial; plaintiff appealed from the judgment on the counterclaim. Thereafter defendants dismissed their appeal and filed their motion to dismiss plaintiff's appeal.

Section 512.020 RSMo 1978 authorizes an appeal from an order granting a new trial. Defendants' appeal was jurisdictionally proper under the statute. In view of *Bailey v. Interstate Airmotive, Inc.*, 358 Mo. 1121, 219 S.W.2d 333 (1949) [1] it is questionable whether plaintiff's appeal would lie even if defendants' appeal were still pending. But it is clear that the dismissal of defendants' appeal returned the parties to the position they occupied following the court's rulings after trial. *Swindler v.*

*Gross*, 395 S.W.2d 109 (Mo.1965). That position is that there is still pending in the trial court the plaintiff's claim for breach of contract. There is not presently extant a judgment which disposes of all issues and all parties and therefore no final judgment for appeal purposes.

Nor does the case fit within the provisions of Rule 81.06 as there was no separate trial of the claim or counterclaim. *Shoush v. Truitt*, 241 Mo.App. 188, 235 S.W.2d 859 (1951) [7, 8]. The pendency of plaintiff's claim in the trial court prevents the judgment on the counterclaim from achieving finality for appeal purposes.

The appeal is dismissed as premature.

REINHARD, C.J., and SNYDER, J., concur.