JAMES H. MARTIN, Appellant, *v.* FINESSE E. McLEAN, Respondent.

1. *Judgment cannot be impeached collaterally.*— Judgment against a party duly notified and brought within the jurisdiction of the court, is valid until reversed or annulled in a proceeding instituted for that 'purpose, and cannot be impeached collaterally.
2. *Petition — Count — Recoupment — Dismissal.*—Where two counts of a petition embrace separate and distinct causes of action, dismissal of one of them will carry with it that of a plea of set-off or recoupment, set up as a defense therein, although on the other count judgment goes for plaintiff.

*Appeal from Andrew Circuit Court.*

*Heren & Rea,* for appellant.

This was a bill in equity ; the set-off and recoupment went to the whole bill, and should have been estimated and allowed.

*H. S. Kelley,* for respondent.

Each count in a petition stands as an independent cause of. action.    An original 'and a cross-bill make but one suit; the cross-bill is considered as a matter of defense to the bill.    (3 Atk. 812; 7 Johns. Ch. 250–2; 3 Danl. Ch. 1743; Slason **v.** Wright, 14 Verm. 208; Sto. Eq. Pl., § 18; 2 Ind. 90.)    The cross-bill being dependent upon the original or principal bill, it is a well-settled practice that the dismissal of the bill necessarily dismisses the cross-bill — disposes of the whole case.    (Sto. Eq. Pl., § 399 ; Nordmanser v. Hitchcock, 40 Mo. 178 ; 2 Ind. 90 ; 9 Ind. 505.)    So, set-off, counter-claim and recoupment are all strictly matters of defense, and depend upon the pleading which they answer; and if that be dismissed for any cause, or be with-

drawn, these affirmative defenses or claims must fail and go out of court with the petition, or that portion of it to which they are set up. (40 Mo. 178; Sto. Eq. Pl., § 399; 2 Ind. 90.)

WAGNER, Judge, delivered the opinion of the court.

The point that Martin was incapable of being made a party to the action when the judgment was rendered against him upon which the land was sold, cannot be considered here. The record shows that he had notice in the manner prescribed by statute, that the court acquired jurisdiction; and the judgment is therefore valid till reversed or annulled in a proceeding instituted for that purpose. No inquiry as to its binding force can be had collaterally. The question raised when the case was here before on demurrer, was whether the action was maintainable, and we held that it was. (McLean v. Martin, 45 Mo. 393.)

Upon a re-trial in the Circuit Court, the plaintiff amended his petition and set forth therein two counts. The first count seeks to recover for money paid at a sheriff's sale and applied in satisfaction of a judgment against the defendant. The second count prays for a recovery on account of improvements made on the land by the plaintiff's grantee while in possession. The defendant in his answer denies his liability on the cause as embraced in the first count of the plaintiff's petition; and as a defense to the second count, he claimed by way of set-off and recoupment for rents and profits of the land upon which it was alleged the improvements were made, and he also claimed damages for timber cut and taken away.

The court, upon hearing the evidence and proofs, gave judgment for the plaintiff upon the cause of action as embodied in the first count, and dismissed the petition as to the second count; also dismissing defendant's claim for set-off and recoupment as applied to that count. The action of the court in giving judgment for the plaintiff on the first count is in accordance with the judgment rendered by this court when the case was here before, and will consequently not be further considered.

The defendant's claim for set-off and recoupment of damages was not pleaded to the first count, but to the second one; and

therefore, when the second count was dismissed it carried the defense with it, as each count and the defense thereto constituted a separate and distinct cause of action and defense. (Nordman-1er v. Hitchcock, 40 Mo. 178.)

As the plaintiff did not appeal from the ruling of the court in dismissing part of his petition, the defendant cannot complain, as his rights were in nowise prejudiced. In point of fact, however, we have examined the record, and the evidence induces us to believe that defendant had no injustice done him. The record here presents no error, and the judgment must therefore be affirmed. Judge Bliss concurs. Judge Adams absent.