Frederick Lee FOWER, Appellant,

v.

Charles L. FOWER ESTATE, by Harry Redhage, Executor, Respondent.

Nos. 54082, 54083.

Supreme Court of Missouri,
Division No. 2.

Jan. 12, 1970.

———◆———

William B. Korth, Morris, Foust, Moudy & Jacobson, Russell D. Jacobson, Kansas City, Ray Klinginsmith, Belt & Klinginsmith, Macon, for claimant-appellant.

Paul D. Hess, Jr., Macon, for respondent.

FINCH, Judge.

Claimant (appellant) filed two claims for maintenance and support in the estate of his deceased father. On request, the claims were transferred from the Probate Court to the Circuit Court of Macon County, where they were consolidated for trial. The estate filed motions to dismiss on the ground that claims on which relief could be granted were not stated. The trial court sustained these motions and claimant appeals. The claims were for $203,200.00 and $125,328.00, and we have jurisdiction on account of the amounts involved. We affirm.

The claims alleged as follows: Claimant was born March 29, 1918. When approximately six weeks old, he was afflicted with poliomyelitis and thereafter he had no control over his body, required constant nursing attention, and was totally and permanently incapacitated. His parents, who had been married October 2, 1916, were divorced on October 7, 1924. Thereafter, his father, although fully able to provide support for claimant, and often requested so to do, failed completely to contribute anything to his support. Claimant had no property and no income and has been un-

able to support himself or to provide the necessities of life. After the date of the divorce, he lived in his mother's home (she predeceased his father, although the date of her death is not stated) or in hospitals and nursing homes. Claimant's father died February 2, 1967, and in his will bequeathed $100.00 to claimant.

The claims allege that the father had a parental duty to support claimant, that he failed to recognize and comply with that duty, and that as a result claimant has been a financial burden on his mother and on society.

Both claims assert that the reasonable value of necessities and services required by claimant is $400.00 per month. The first claim seeks $203,200.00, which is $400.-00 per month from the date of the divorce on October 7, 1924, to the father's death on October 2, 1967. The second claim is for future support from the date of the father's death through the remainder of claimant's life for an estimated period of 313.32 months.

We consider first the claim for support up to the date of the death of claimant's father.

The initial question presented is whether a father has a duty during his lifetime to support his adult unemancipated, unmarried and needy child who since sometime during minority has been totally disabled. This question has not been decided by this court, but was presented in the case of State ex rel. Kramer v. Carroll, Mo.App., 309 S.W.2d 654, decided by the St. Louis Court of Appeals. In that opinion Judge Houser reviewed many authorities. He recognized that a few jurisdictions hold that no liability rests on a parent to support a child after majority even though the child is incapacitated, but then stated, l. c. 660: "The basis of these decisions is that such an obligation must be imposed by statute. But the duty to support a minor child has not been held to depend upon statute. Contrary to the common law of England, by which a father was not legally bound to support his infant child, Huke v. Huke, 44 Mo.App. 308; 4 Vernier on American Family Laws 4, the courts of Missouri have imposed this obligation *by judicial decision*. In like manner our courts should depart from the common law rule of non-liability to support an adult child if that rule is not suited to the conditions and needs of the people of the state.

"A large majority of the courts of sister states, forsaking the hard rules of the common law and following the 'dictates of humanity,' enforce the exception and continue the obligation into majority if the child is physically or mentally incapable of maintaining himself. See the citations of thirty cases from sixteen different jurisdictions compiled at 1 A.L.R.2d 921."

In holding that the father had a duty to support his adult incapacitated child, the opinion summarized as follows, l. c. 661: "It is impossible on principle to distinguish between the duty to support a twenty year old child incapacitated by infancy and the duty to support an adult unmarried, unemancipated and insolvent child incapacitated from self-support by mental or physical infirmity. The duty in both cases arises out of the helplessness of the child, and the drawing of a line in all cases at the age of twenty-one years is artificial and arbitrary."

■ We concur in the conclusion reached in the Carroll case and accordingly hold that Charles L. Fower did have an obligation during his lifetime to support claimant both during his minority and after he became twenty-one years of age.

■ It appears from the allegations in the claim that claimant was cared for by his mother during her lifetime and by society thereafter.[1] In addition to this care

1. Decisions of this court recognize that persons furnishing necessities to a child

in lieu of support which the father was obligated to but did not furnish may

which has been provided by others, claimant now seeks to collect for himself the sum of $400.00 for each and every month from the date his parents were divorced until his father died, said amount totalling $203,200.00. If allowed, this would mean double recovery by claimant, because he would have been cared for by others at their expense during all of this period and, in addition, would receive cash in the amount of $203,200.00, representing the reasonable cost of such care during that same period. The fact that the father was obligated to provide support for claimant and that he defaulted in that obligation does not mean that claimant is entitled to have double recovery. Accordingly, we conclude that claimant may not recover on his first claim herein and that the trial court correctly sustained a motion to dismiss that claim.

We next consider the claim for $125,328.00, which presents the question of whether the father's obligation to provide support for an adult incapacitated child continues after the death of the father.

In Gardine v. Cottey, 360 Mo. 681, 230 S.W.2d 731, 18 A.L.R.2d 1100, this court considered the question of whether a widow, on the basis of a prior divorce decree which provided for a payment of $100.00 per month for child support, could establish a claim in the deceased father's estate for monthly installments allegedly accruing after the father's death. The monthly child support allowed in the divorce decree was not based on any contractual obligation assumed by the deceased, but was merely an allowance made by the court pursuant to the divorce statute. The payments were not secured and future installments did not constitute a lien or charge against deceased's property at the time of his death. The widow claimed that she was entitled to have a claim allowed for such installments until the youngest child would reach the age of twenty-one.

This court held that the claim was properly denied, saying, 1. c. 750: "We think the better and more satisfactory rule is the one which holds that the liability of the father for the future support of his minor children terminates at his death, regardless of the fact that the obligation for such support is evidenced by a judgment."

■ The rule established in the Gardine case compels the conclusion that the trial court correctly dismissed the claim wherein claimant sought allowances for support subsequent to the date of his father's death. The logic which compelled the court in Gardine to conclude that a claim for support of a minor child could not be allowed in the father's estate (except, of course, for the statutory allowance for support for a period of one year) applies equally to a claim of an incapacitated adult child for future support. Accordingly, we affirm the action of the trial court in dismissing the claim for $125,328.00.

In view of the foregoing conclusion, we need not reach and do not decide the contention by defendant estate that a child may not maintain a direct action for support against his father's estate.

Affirmed.

MORGAN, J., and LUTEN, Sp. J., concur.

DONNELLY, P. J., not sitting.

obtain reimbursement from the father. Kelly v. Kelly, 329 Mo. 992, 47 S.W.2d 762, 81 A.L.R. 875; Berkley v. Berkley, Mo., 246 S.W.2d 804, 34 A.L.R.2d 1456. However, that principle is not involved in this case because the claim here presented is not for reimbursement for expenditures made in providing necessities to claimant.