Dorothy M. HUDSON, Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY, Defendant.

and

Keith W. Hudson, Mark P. Hudson and Cynthia L. Hudson-Maynard, Defendants in Interpleader.

No. 81–1136C(A).

United States District Court, E. D. Missouri, E. D.

July 23, 1982.

James S. Collins, II, St. Louis, Mo., for plaintiff.

William L. Davis, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Keaney, St. Louis, Mo., for defendant.

Kurt D. Breeze, Diekemper, Hammond & Shinners, St. Louis, Mo., for defendants in interpleader.

## MEMORANDUM OPINION

HARPER, District Judge.

Plaintiff, Dorothy Hudson, filed suit against the defendant, Aetna Life Insurance Company (hereinafter referred to as Aetna), claiming the proceeds of a group life insurance policy issued to plaintiff's husband, William E. Hudson, which named plaintiff the sole beneficiary of the policy in the amount of $21,500.00. Aetna filed a bill in interpleader to determine the proper beneficiaries of the policy, since the insured's children by a previous marriage, Keith, Cynthia and Mark, also claimed the proceeds of the policy pursuant to the provisions of a divorce decree.

Jurisdiction is based on 28 U.S.C. § 1335. There is an amount in controversy exceeding $10,000.00, plaintiff is a citizen of the State of Missouri, and defendant Aetna is a corporation incorporated under the laws of the State of Connecticut, with its principal place of business in Connecticut.

The case was submitted to the Court on a stipulation of facts, in brief as follows: William E. Hudson was an employee of Chrysler Corporation and covered under a Group Contract of Life Insurance issued by Aetna with the life insurance benefits totalling $21,500.00. On September 21, 1976, William E. Hudson filed a Change of Beneficiary Notice with Chrysler Corporation designating Dorothy A. Williams (Plaintiff's former name), as the beneficiary of his Group Life Insurance Policy. At the time William E. Hudson was married to Phyllis Hudson. On March 3, 1977, in the Circuit Court of Jefferson County, Missouri, Division One, the judge ordered as part of the decree of dissolution of marriage the following:

"7. The Court orders the respondent to keep in full force and effect the life insurance policy which is provided by Respondent's employer and the General American Life Insurance Company policy insuring the life of Respondent, until the youngest child of the parties attains the age of twenty-one years. The Court further orders that Respondent forthwith name the children of the parties as beneficiaries of both of said policies, or in the alternative, Respondent shall name as beneficiary a trustee to hold the proceeds of said policies in trust for the benefit of said children, all until the youngest child of the parties attains the age of twenty-one years."

The children of the marriage are Mark P. Hudson, born February 26, 1959, married December 10, 1978; Keith W. Hudson, born June 23, 1961, married January 25, 1982; and Cynthia L. Hudson, born June 27, 1962, married to Troy Maynard on December 18, 1978, and divorced from Troy Maynard on December 7, 1981.

Neither William E. Hudson nor Phyllis Hudson filed a motion for a new trial or

appeal from the divorce decree. On July 18, 1977, William E. Hudson married the plaintiff. On July 19, 1977, William E. Hudson signed a Change of Beneficiary-Group Life Insurance form designating Dorothy Hudson, wife, as the sole beneficiary of his Group Life Insurance Policy with Chrysler Corporation. Thereafter no other Change of Beneficiary form was filed with Aetna. William E. Hudson died on July 25, 1981.

There is no property agreement before the Court. There is no indication other than Aetna's pleadings that Hudson ever designated his children as beneficiaries of the policy. Therefore, the situation is not similar to the factual patterns in the case of *Prudential Life Ins. Co. of America v. Gibson*, 421 S.W.2d 26 (Mo.App.1967), where the insured had agreed in a separate agreement to maintain certain policies of insurance for the benefit of the first wife and the insured thereafter remarried naming his second wife as beneficiary, the court held that the change in beneficiary was not effective and the second wife was not entitled to any of the proceeds of the policy in which she was named beneficiary, or in the case of *Glover v. Metropolitan Life Ins. Co.*, 499 F.Supp. 1308 (D.C.Mo.1980), reversed in part, 664 F.2d 1101 (8th Cir. 1981), under a divorce decree incorporating settlement agreement, first wife was entitled to proceeds of insurance policy even though decedent insured had subsequently named his second wife beneficiary.

In *Niederkorn v. Niederkorn*, 616 S.W.2d 529 (Mo.App.1981), in an action to modify a divorce decree, the Court of Appeals held that the provision of the divorce decree ordering the father to maintain a life insurance policy in full force and effect and to retain his daughter as beneficiary was invalid. The Court of Appeals based its decision on two Missouri Supreme Court cases, *Gardine v. Cottey*, 360 Mo. 681, 230 S.W.2d 731 (1950) and *Fower v. Fower*, 448 S.W.2d 585 (Mo.1970). In both cases claims were brought to enforce support obligations against the deceased father's estate. Both cases stand for the proposition that the liability of the father for the support of his minor children terminates at his death where the child support allowed in the divorce decree is not based on any contractual obligation assumed by the deceased but was an allowance made by the court pursuant to the divorce statute. In neither *Gardine* nor *Fower* did the decree specifically provide that the estate was liable for child support payments after the father's death. Thus, the enforceability of such a clause was never addressed. The Supreme Courts in those cases merely found that the claimants on the basis of a prior divorce decree providing for monthly child support payments could not establish a claim on the deceased father's estate for monthly installments allegedly accruing after the father's death.

Subsequently, in *Niederkorn*, in a modification action, the Court of Appeals held that a provision in the divorce decree obligating the father to maintain life insurance for the benefit of his child was analogous to post-humous child support and that such a provision was "invalid." Since the *Niederkorn* case was an action to modify a divorce decree, and as such a direct action, and since neither the *Gardine* case nor the *Fower* case involved the validity of a clause specifically providing for post-humous child support, the question of whether a clause providing for maintenance of life insurance for the benefit of a child is a void or voidable provision has not been addressed by the Missouri courts.

This action in interpleader is a collateral attack on the decree. It is well-established that the judgment of a court having jurisdiction of the parties and of the subject matter cannot be attacked collaterally. *Martin v. McLean*, 49 Mo. 361 (1872); *Hardin v. Lee*, 51 Mo. 241 (1873); *Flanary v. Rowlett*, 612 S.W.2d 47 (Mo.App.1981).

Although this Court did not find any Missouri cases dealing with a factual pattern similar to the case at bar, the Colorado Supreme Court in *McLeod v. Provident Mutual Life Ins. Co. of Philadelphia*, 186 Colo. 234, 526 P.2d 1318 (1974) has addressed the same issues. In *McLeod*, an interpleader action was filed by the insurer to determine

the proper beneficiaries of the proceeds of a life insurance policy. The divorce decree ordered that the father designate his minor children as beneficiaries until the youngest child attained the age of twenty-one years. The father was also ordered to pay all premiums on the policy. As in the case at bar, neither party appealed from the decree. The father did not comply with the order to designate his children as beneficiaries and instead executed an irrevocable change of beneficiary naming his new wife as primary beneficiary and his children as secondary beneficiaries. Both the district court and the Court of Appeals ruled that the trial court in the divorce action had no jurisdiction to enter the order requiring the designation of the minor children of the parties as primary beneficiaries and that, therefore, that portion of the decree was absolutely void and could be attacked in the interpleader action.

The Colorado Supreme Court stated that in Colorado the validity of a judgment depended upon the court's jurisdiction of the parties and of the subject matter of the issue it decides. The Court went on to state, 526 P.2d at pp. 1320–21:

"[I]t is clear that in the divorce proceeding the district court had jurisdiction in the fullest sense, not only of the subject matter of the action but also of the parties, both of whom appeared in court and sought relief by complaint and counterclaim for a divorce and for permanent orders relating to division of property, child custody, support money, permanent alimony, and attorney's fees. Thus, as measured by the foregoing test, the judgment of the Court was not a void judgment. * * * As tested by the foregoing, the judgment here concerned was an erroneous judgment and until modified by the court which entered it, or set aside on motion for new trial, or until reversed by an appellate court on direct review proceedings, was valid and binding."

The Court discussed various cases where possibly imprecise language such as "in excess of jurisdiction" and "beyond the jurisdiction of the trial court" had been used concerning the impropriety of the orders entered.

Since the law in Colorado concerning voidable and void judgments and the law at the time of *McLeod* concerning the propriety of provisions in a divorce decree ordering the father to maintain life insurance for the benefit of his children are comparable to Missouri law (See *Martin v. McLean*, supra; *Hardin v. Lee*, supra; *Flanary v. Rowlett*, supra; *Niederkorn v. Niederkorn*, supra), this Court finds that in Missouri such a provision would be held merely voidable and not absolutely void. There is no doubt but that the trial court in the dissolution action had jurisdiction over the parties. The life insurance policy was a marital asset the court had authority to dispose of under Section 452.330 R.S.Mo. The fact that the trial court made an erroneous disposition of the policy does not make the provision void but does subject it to review and denial of enforcement in a direct action as in *Niederkorn*. An error of law does not afford grounds for collaterally attacking a final judgment. *Flanary v. Rowlett*, supra, at 50. It is in the best interest of parties seeking dissolution, division of property, and support and maintenance, that whenever practicable the provisions of the decree be binding and subject to direct review only. This is especially true where the provisions pertain to insurance policies. More and more insurance is becoming a staple in economic planning, an important asset in a marriage, and thus an important consideration in dissolution of the marriage. If such provisions were held to be void rather than voidable, the courts would establish a policy that would encourage a party to exploit a trial court's error by foregoing direct review and having the provision nullified at a time when the court could make no adjustments to fairly compensate for the invalidation of the insurance provision.

Without discussing whether clauses specifically providing for post-humous child support are void or voidable (a situation more clearly analogous to *Gardine* and *Fower* than a situation involving specific marital assets such as life insurance poli-

cies), this Court enters judgment awarding the proceeds of the group life insurance policy to the children of William E. Hudson.

The Court adopts this memorandum opinion as its findings of fact and conclusions of law and the Clerk of the Court is directed to prepare and enter the proper judgment in compliance with this opinion.